# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-04342-CJC (SK) | Date | May 25, 2018 |
| Title | Kinsley Isaiah Mighty v. Dean Borders | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

On May 22, 2018, Petitioner, a California state prisoner proceeding pro se, constructively filed a petition for writ of habeas corpus seeking to challenge his 2015 convictions for attempted robbery, robbery, and burglary. (Pet., ECF No. 1). On its face, however, the Petition appears untimely.

Petitioner's direct appeal in the California Court of Appeal was completed on May 16, 2016.[1] Petitioner did not seek review in the California Supreme Court, so his judgment became final 40 days from the date of the Court of Appeal's decision on June 26, 2016. *See Wixom v. Washington*, 264 F.3d 894, 897–88 (9th Cir. 2001) (where petitioner did not seek review from state's highest court, AEDPA statute of limitations ran from date that time for seeking such review expired); *Smith v. Duncan*, 297 F.3d 809, 812–13 (9th Cir. 2002) (conviction becomes final under California law 40 days after Court of Appeals decision, if no petition to California Supreme Court sought), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). From that date, Petitioner had one year—by no later than June 26, 2017—in which to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state habeas petition until February 2018. *See* 28 U.S.C. § 2244(d)(2). Even if "properly filed" under California law, that state habeas petition could not revive or reinitiate the federal limitations period that ended in 2017. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, the Petition appears barred as untimely, unless Petitioner can demonstrate that he is entitled to delayed commencement of the limitations period under § 2254(d)(1) or equitable tolling.

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before June 25, 2018** why the Court should not dismiss the Petition as untimely. To discharge this Order to Show Cause, Petitioner must show that his Petition is timely either through delayed commencement of the limitations period or equitable tolling. **If Petitioner does not file a timely response to this Order to Show Cause, the Petition may be dismissed**

---

[1] The Court takes judicial notice of the public dockets of Petitioner's prior criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal court may take judicial notice of public dockets).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04342-CJC (SK) | Date | May 25, 2018 |
|---|---|---|---|
| Title | Kinsley Isaiah Mighty v. Dean Borders | | |

**involuntarily for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it without prejudice pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal." The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.